IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00453-BNB

DERRICK ANDERSON,

      Applicant,

v.

MICHAEL MILLER, Warden, and
EXECUTIVE DIRECTOR OF COLORADO DEPARTMENT OF CORRECTIONS,

      Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Derrick Anderson, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) at the Crowley County Correctional Facility in Olney

Springs, Colorado.  Mr. Anderson has filed *pro se* an Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging the computation of his

prison sentence by the DOC.  On February 21, 2013, Magistrate Judge Boyd N. Boland

ordered Respondents to file a preliminary response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court

remedies if Respondents intend to raise either or both of those defenses in this action.

On March 14, 2013, Respondents filed a Preliminary Response (ECF No. 9) arguing

that the action should be dismissed for failure to exhaust state remedies.  On April 5,

2013, Mr. Anderson filed Applicant's Reply to Attorney General's Response (ECF No.

10).

The Court must construe the application and other papers filed by Mr. Anderson

liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state remedies.

Mr. Anderson first argues that he is not required to exhaust state remedies because he is asserting claims pursuant to § 2241 rather than 28 U.S.C. § 2254.  This argument lacks merit because a prisoner must exhaust state court remedies before he may pursue his federal constitutional claims in a habeas corpus action in this Court whether the action is asserted pursuant to § 2241 or § 2254.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  Therefore, the Court will proceed to consider whether Mr. Anderson has exhausted state remedies.

The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  Furthermore, "[t]he exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner seeking habeas corpus relief in federal court bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that Mr. Anderson has not exhausted state remedies for his claims because he has not fairly presented his claims to the Colorado Supreme Court.

The parties agree that Mr. Anderson has filed a habeas corpus petition in the Bent County District Court that was denied on December 5, 2012.  (*See* ECF No. 1 at 32-33.) However, rather than appealing from the Bent County District Court's order denying his habeas petition, Mr. Anderson sought relief in the Colorado Supreme Court through the exercise of that court's original jurisdiction pursuant to Colorado Appellate Rule 21.  On February 4, 2013, the Colorado Supreme Court entered an order denying relief in the Colorado Appellate Rule 21 proceeding without addressing the merits of the claims Mr. Anderson raised.  (*See* ECF No. 1 at 34-35.)

The original proceeding Mr. Anderson filed in the Colorado Supreme Court pursuant to Colorado Appellate Rule 21 does not satisfy the fair presentation requirement because, if a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation."  *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation).  The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ.  *See* Colo App. R. 21; *see also Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946).  Furthermore, relief under Rule 21 "shall be granted only when no other adequate remedy, including relief available by appeal . . ., is available."  C.A.R. 21(a)(1).  As a result, the denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that the court has considered the merits of the argument.  *See Bell v. Simpson*,

918 P.2d 1123, 1125 n.3 (Colo. 1996).

As noted above, Mr. Anderson elected to seek extraordinary relief in the Colorado Supreme Court rather than filing an appeal from the Bent County District Court's order denying his state habeas petition.  Because the Colorado Supreme Court denied relief in the Colorado Appellate Rule 21 proceeding without addressing the merits of the claims asserted, the Court finds that Mr. Anderson's claims were not fairly presented to the Colorado Supreme Court in the Colorado Appellate Rule 21 proceeding and are not exhausted.

Mr. Anderson finally argues that he should not be required to exhaust state remedies because he "is unable to go through Colorado State Appellate process d[ue] to his sentence discharge date of June 29, 2013[,] with earned time awarded."  (ECF No. 10 at 4.)  This argument lacks merit because Mr. Anderson's failure to pursue available state remedies in a timely manner does not allow him to avoid the exhaustion requirement.

For these reasons, the instant action will be dismissed for failure to exhaust state remedies.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed without prejudice for failure to exhaust state remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  11th  day of ___April___, 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court