IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00453-LTB

DERRICK ANDERSON,

    Applicant,

v.

MICHAEL MILLER, Warden, and
EXECUTIVE DIRECTOR OF COLORADO DEPARTMENT OF CORRECTIONS,

    Respondents.

ORDER DENYING MOTIONS

Applicant, Derrick Anderson, filed *pro se* on May 13, 2013, a "Petition for Panel Rehearing Pursuant to F.R.Civ.P. Rule 40(a)(1)" (ECF No. 15) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 13) and the Judgment (ECF No. 14) entered in this action on April 11, 2013. Mr. Anderson also filed on May 13, 2013, a "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. 1915 in a Habeas Corpus Action" (ECF No. 16).

The Court must construe the motions liberally because Mr. Anderson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court construes the "Petition for Panel Rehearing Pursuant to F.R.Civ.P. Rule 40(a)(1)" (ECF No. 15) as a motion to reconsider. For the reasons discussed below, the motion to reconsider will be denied. The "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. 1915 in a Habeas Corpus Action" (ECF No. 16) will be denied as moot because Mr. Anderson

already has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e).

Mr. Anderson signed the motion to reconsider on May 8, 2013, and indicates that he mailed the motion to reconsider to the Court the same day. (*See* ECF No. 15 at 15.) Because that date is within twenty-eight days after the Judgment was entered in this action, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

Mr. Anderson initiated this action by filing *pro se* an Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the computation of his prison sentence by Colorado prison officials. The Court dismissed the action without prejudice because Mr. Anderson has not exhausted state remedies. Mr. Anderson argues in the motion to reconsider that, although he must exhaust administrative remedies prior to seeking relief pursuant to § 2241, he is not required to exhaust state court remedies. Mr. Anderson also argues in the motion to reconsider that the constitutional claims he is asserting in this action have merit. Mr. Anderson does not challenge the Court's determination in the Order of Dismissal that he has not fairly presented his constitutional claims to the Colorado Supreme Court.

After review of the motion to reconsider and the entire file, the Court finds that Mr. Anderson fails to demonstrate some reason why the Court should reconsider and vacate the order dismissing this action. As explained in the Order of Dismissal, Mr. Anderson's argument that he is not required to exhaust state remedies prior to seeking relief under § 2241 lacks merit. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Furthermore, because the Court dismissed the action without prejudice for failure to exhaust state remedies, the Court did not address or consider the substantive merits of Mr. Anderson's constitutional claims. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Petition for Panel Rehearing Pursuant to F.R.Civ.P. Rule 40(a)(1)" (ECF No. 15) is DENIED. It is

FURTHER ORDERED that the "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. 1915 in a Habeas Corpus Action" (ECF No. 16) is DENIED as moot.

DATED at Denver, Colorado, this 15th day of May, 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court